## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2012-0048** |
| | ) | |
| **GERALD A. NORMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
        *For Plaintiff*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendant Gerald A. Norman ("Norman"). (Dkt. No. 13). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

## I.  BACKGROUND

On May 2, 2012, Flagstar filed a Complaint against Norman, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserts that Norman is the titleholder of record to real property ("the Property"), who defaulted on a Promissory Note and on a Mortgage regarding that Property, which is described in the Warranty Deed as:

> Plot No. 29 of Parcel 3 of Estate Orange Grove, Company Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.514 U.S. Acres, more or less, as more fully shown on OLG Drawing No. 1178 dated January, 1962; revised November 16, 2006.

(Deed, Dkt. No. 14-1).[1] The Complaint alleges that, on October 15, 2009, Norman executed and delivered to Flagstar a promissory note (the "Note"), which obligated him to pay the principal amount of $256,000.00, together with interest at a rate of 4.990% per annum, in consecutive monthly installments of $1,372.70 beginning December 1, 2009. (Compl. ¶¶ 6-7, Dkt. No. 1). To secure payment on the Note, Norman granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated October 15, 2009 over the Property (the "Mortgage"), which provided that Norman would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 8-9.

The Complaint further alleges that, on or about December 1, 2011, Norman defaulted under the terms and conditions of the Note and under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Norman, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 10-14. On March 22, 2012, MERS—for itself and as nominee for Flagstar—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 16.

With regard to the debt cause of action, the Complaint provides that Norman owes Flagstar the sum of $248,239.28 in unpaid principal balance; interest from November 1, 2011 to March 6, 2012 of $4,298.73; accumulated late charges of $205.92; and recoverable corporate

---

[1] In the Complaint, the Property is described as:

> Plot 29 of Parcel 3 Estate Orange Grove, Company Quarter, St. Croix, US Virgin Islands, consisting of 0.514 US acres, more or less, as more fully shown on OLG Drawing No. 1178 dated January 1962 and revised January 19, 1996.

(Dkt. No. 1, ¶ 5).

advances of $25.00; for a total amount due of $252,768.93. *Id.* ¶ 19. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 21, 22.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Norman is in default under the terms and conditions of the Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Norman. *Id.* ¶¶ 25-27.

Norman was served with a copy of the Summons and Complaint on July 31, 2012. (Dkt. No. 4). He has neither answered the Complaint nor appeared in this action. On August 22, 2012, Flagstar filed an Application for Entry of Default against Norman. (Dkt. No. 5). The Clerk of Court entered default against Norman on August 28, 2012. (Dkt. No. 7). The Court entered two Orders to Show Cause on March 5, 2013 and October 10, 2013 because nothing had been filed in this case. (Dkt. No. 8, 11). Both Orders were subsequently discharged. (Dkt. No. 10, 17).

On October 21, 2013, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 13), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 14), an Affidavit of Indebtedness (Dkt. No. 15), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 16). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: Norman was properly served with copies of the Summons and Complaint; the Clerk entered default against him; and he

is not an infant or incompetent person, nor in the military service. (Dkt. No. 14 at 6). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by Norman; Norman executed the Note and the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Norman defaulted under the terms of both the Note and the Mortgage; Flagstar gave Norman proper notice of the default and he failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 6-7. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by David A. Luoma, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 15, ¶¶ 3-8). The Affidavit sets forth the amounts due and owing through June 30, 2013: $248,239.28 in unpaid principal balance; interest from November 1, 2011 through June 30, 2013 of $20,597.12; escrow advances of $10,827.01, consisting of insurance and property tax payments; accumulated late fees of $205.92; inspections or other property preservation fees of $192.00; for a total amount due of $280,061.33. *Id.* ¶¶ 10-13. Mr. Luoma asserts that interest accrues at the per diem rate of $33.94. *Id.* ¶ 14. He also states that, based on the information he reviewed in connection with the loan, he had no information indicating that Norman was either a minor or incompetent. In addition, pursuant to an investigation conducted on July 1, 2013 using official online resources provided by the

Department of Defense's Manpower Data Center, there was no record that Norman was an active member of the military service. *Id.* ¶ 16, Dkt. No. 15-8.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he and Nycole A. Thompson, Esq., billed at $250.00 per hour on this matter, and that paralegals Carol Hart and Lola Pierre billed at $125.00 per hour. (Dkt. No. 16). He attached billing records showing that the total time spent on this matter was 9.80 hours through October 21, 2013; that the total amount of attorney's fees incurred was $2,115.00; and that the total amount of costs expended was $565.18. *Id.*; Dkt. No. 16-1.

## II.  APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R.

5

Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.  ANALYSIS

#### A.  Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against Norman. It has shown that: (1) default was entered against Norman by the Clerk of Court (Dkt. No. 7); (2) Norman has not appeared; (3) Norman is neither an infant nor incompetent person (Dkt. No. 15, ¶ 16); and (4) Norman was validly served with process. (Dkt. No. 4). In addition, Flagstar provided copies of a Military Status Report from the Department of Defense Manpower Data Center showing that Norman is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 15-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 15).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Norman's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Norman's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications);

*Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 15-1, ¶ 6(E); Dkt. No. 15-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

 "To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and

7

reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Flagstar seeks $2,115.00 in attorney's fees as compensation for 9.80 hours of work billed in this matter. The Court finds that the number of hours billed was reasonable in this run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Flagstar Bank FSB v. Roberts*, No. 12-cv-19 (D.V.I. Feb. 25, 2014) (awarding $1,902.50 in attorney's fees where counsel spent a total of 10.25 hours on the case).

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). More specifically, Flagstar has provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 14-3, 14-4, 14-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorney is reasonable and falls within the scope of rates for such services. (Dkt. No. 16).

Based on the foregoing, the Court concludes that the $2,115.00 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Mortgage, Norman agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 15-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec.

20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $565.18 for the following costs: recording fees, on-line search on Accurint (People/Business search), filing fees for Complaint, messenger service, postage, and process server. (Dkt. No. 16-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $565.18.

## IV.   CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Gerald A. Norman. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 13) will be granted. As part of the Judgment, the Court will award a total of $2,680.18 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 5, 2014                           _____/s/_____
                                            WILMA A. LEWIS
                                            Chief Judge

9