**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**FLAGSTAR BANK, FSB,**

**Plaintiff,**

**v.**

**GERALD A. NORMAN,**

**Defendant.**

**Civil Action No. 2012-0048**

**Attorneys:**
**Johanna Harrington, Esq.,**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
*For Plaintiff*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion to Vacate Judgment filed by Plaintiff Flagstar Bank, FSB through its successor-in-interest, Green Tree Servicing, LLC ("Plaintiff") on August 25, 2015. (Dkt. No. 26). In its Motion, Plaintiff moves, pursuant to Fed. R. Civ. P. 60(b)(6), to set aside or vacate the Judgment and Order entered on May 5, 2014. (Dkt. No. 18). For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

On May 2, 2012, Flagstar filed a Complaint against Defendant Gerald A. Norman ("Norman"), alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserted that Norman defaulted on a Promissory Note and Mortgage, both executed in October 2009, regarding certain property located in Estate Orange Grove, St. Croix (the "Property"). Flagstar served Norman with the Complaint but he did not answer or appear. (Dkt. No. 4). Flagstar subsequently filed a Motion for Default Judgment and supporting documents.

(Dkt. Nos. 13-16). The Court entered a Judgment and Order on May 5, 2014 granting Flagstar's Motion for Default Judgment; granting Flagstar Judgment against Norman in the amount of $280,061.33, plus interest and attorney's fees; foreclosing Flagstar's lien; and ordering the Property to be sold by the U.S. Marshal to satisfy the Judgment. (Dkt. No. 18).

Over a year after the Judgment and Order was entered, Green Tree, as successor-in-interest to Flagstar, filed the instant Motion to set aside or vacate the Judgment. (Dkt. No. 26). Green Tree asserts that, before scheduling the Marshal's Sale of the Property, it ordered a title report to ensure that title was clear. The title search revealed the existence of three federal tax liens amounting to $61,763.22, recorded in 2011 and 2012 against the Property, which were not included in Flagstar's Complaint in this action pursuant to 28 V.I.C. § 532.[1] (Dkt. No. 26).

Plaintiff explains that, at this juncture, "any purchaser at the sale would take the property subject to the federal tax liens," adding that it is "unclear" why these liens junior to its Mortgage were not included in the initial Complaint. *Id.* Plaintiff asserts that "extraordinary circumstances" exist to warrant vacatur of the judgment, citing Fed. R. Civ. P. 60(b)(6). *Id.* Consequently, Plaintiff seeks to vacate the May 2014 Judgment of Default in order to allow it to amend the Complaint to include the federal tax liens of record.

## II. ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from final judgment order or proceeding" under certain circumstances. The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Walsh v. Krantz,* 423 F. App'x

[1] Pursuant to 28 V.I.C. § 532, "[a]ny person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action."

177, 179 (3d Cir. 2011) (internal quotation marks omitted), affording "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom. Wetzel v. Cox,* __ U.S. __, 135 S. Ct. 1548 (2015).

Rule 60(b) has six different provisions pursuant to which a party may seek relief from judgment. The Rule provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This one-year time limit imposed on Rule 60(b)(1)-(3) motions may not be avoided by bringing a motion under Rule 60(b)(6). The Supreme Court has stated that Rule 60(b(1) and Rule 60(b)(6) are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to section (6)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993)); *see also Cardona v. Lewisburg USP*, 600 F. App'x 821, 822 n.1 (3d Cir. 2015) (opining that Rule 60(b)(6) "is not intended as a means by which the time limitations of [Rules] 60(b)(1)-(3) may be circumvented.") (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)).

In its Motion, Plaintiff states that "[m]ore than a year has passed since the Judgment was entered in this matter so Rule 60(b)(1) is not available . . . . Accordingly, only Rule 60(b)(6) is available[.]" (Dkt. No. 26 at 2). It thus appears that Plaintiff would have sought relief under Rule 60(b)(1), on grounds of mistake, inadvertence, or excusable neglect, but because the one-year time limit had passed, it sought relief pursuant to Rule 60(b)(6) instead. As noted above, however, Rule 60(b)(6) is not intended as a means by which the time limitations of Rules 60(b)(1)-(3) may be circumvented, *Cardona*. 600 F. App'x at 822 n.1. Thus, a party may not file a Rule 60(b)(6) motion as a substitute for a Rule 60(b)(1) motion because the one-year time limit for a Rule 60(b)(1) motion has expired. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).[2]

In any event, "[i]n order to grant relief under Rule 60(b)(6), a party's failure to act must be excused by an extraordinary situation—more than mere neglect, inadvertence, indifference, or careless disregard of circumstances." *Ethan Michael Inc. v Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The Third Circuit has emphasized that '"the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."' *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig*., 840 F.2d 188, 194 (3d Cir. 1988)).

Here, the stimulus for the Motion to Vacate was the fact that Flagstar's attorney neglected to include the federal liens in its debt and foreclosure Complaint. No reason was given for this failure. Plaintiff simply asserts that it was "unclear" why those liens were not included—and

[2] Even if Plaintiff had filed a timely Rule 60(b)(1) motion, this avenue for relief may still have been problematic. *See, e.g., Pramco II, LLC v. Cheyenne Water Serv., Inc.*, 2008 WL 3200778, at *3-4 (D.V.I. Aug. 1, 2008) (holding, in case where a mortgage company filed motion to vacate under Rule 60(b)(1) because it failed to include junior lienholders as defendants, that this was not the type of mistake contemplated by Rule 60(b)(1), and citing company's lack of diligence as reason for denying Rule 60(b) relief).

conclusorily states that "extraordinary circumstances" exist warranting relief. However, Plaintiff makes no attempt to describe what these "extraordinary circumstances" might be that warrant the "extraordinary relief" afforded by Rule 60(b)(6). A showing of extraordinary circumstances requires sufficient facts to demonstrate to the Court why such relief should be granted. *See Dungan v. Slater*, 2002 WL 32364523, at *2 (E.D. Pa. Oct. 1, 2002) (denying Rule 60(b)(6) relief because plaintiff had not "set forth facts to justify a decision by this Court to grant the extraordinary relief available under this rule."). No such facts have been presented here.

Plaintiff's failure to explain why the federal liens were not included in the Complaint leads the Court to conclude that Flagstar erred by not performing proper due diligence before filing its Complaint. A failure to perform due diligence—without more—is not an exceptional circumstance warranting relief under Rule 60(b)(6). *Cf. Liljeberg*, 486 U.S. at 864 n.11 (in determining whether Rule 60(b)(6) relief was appropriate where party learned of judge's conflict of interest ten months after appellate court affirmed district court judgment, Supreme Court held that circumstances warranted such relief and found of particular importance that case did *not* involve neglect or lack of due diligence on part of moving party). Accordingly, relief pursuant to Rule 60(b)(6) is not available under the circumstances here.

## III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion to Vacate Default Judgment. (Dkt. No. 26).

An appropriate Order accompanies this Memorandum Opinion.

Date: March 9, 2016

_______/s/_______
WILMA A. LEWIS
Chief Judge